1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  GARTH HIRE (CABN 187330)
   Assistant United States Attorney
5
       1301 Clay Street, Suite 340-S
6      Oakland, California 94612-5217
       Telephone:  (510) 637-3929
7      Facsimile:  (510) 637-3724
       E-Mail:     Garth.Hire@usdoj.gov
8
   Attorneys for Plaintiff
9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                             OAKLAND DIVISION

13 UNITED STATES OF AMERICA,        )   No. CR 08-00694 SBA
                                    )
14         Plaintiff,                )   STIPULATION AND ORDER
                                    )   CONTINUING STATUS CONFERENCE
15     v.                           )   AND EXCLUDING TIME
                                    )
16 GABRIEL MAGANA VALDEZ,           )
                                    )
17         Defendant.                )
                                    )
18

19
        Plaintiff, by and through its attorney of record, and defendant, by and through HIS
20
   attorney of record, hereby stipulate and ask the Court to find as follows:
21
        1.      A status conference in this matter is currently scheduled for 9 a.m. on Tuesday,
22
   March 31, 2009.
23
        2.      The parties request that this hearing be continued until 9 a.m. on Tuesday, April
24
   21, 2009, in order to provide defendant's counsel with additional time to evaluate the evidence in
25
   this case and determine whether or not defendant should enter a change of plea or file motions
26
   and to prepare for trial in this matter.
27

28

   STIPULATION AND ORDER RESCHEDULING
   HEARING; EXCLUDING TIME

3. Specifically, defendant's counsel needs the continuance in order to schedule and conduct a meeting with the government to physically examine evidence seized, to review and analyze the discovery materials produced, investigate the case, and develop a motions and/or trial strategy in light of that discovery. The parties believe that failure to grant the above-requested continuance would deny defendant's counsel and defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence and that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

4. Thus, the parties respectfully request that the Court find that the time period from March 31, 2009, to April 21, 2009, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence.

IT IS SO STIPULATED.

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: March 27, 2009

/s/
GARTH HIRE
Assistant United States Attorney

Attorney for United States of America

Dated: March 27, 2009

/s/
NICHOLAS REYES

Attorney for Defendant
Gabriel Magana Valdez

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME            2

| | |
|---|---|
| 1 | **[PROPOSED] ORDER** |

FOR GOOD CAUSE SHOWN, THE COURT ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES. THEREFORE, IT IS SO FOUND AND ORDERED THAT:

1. The currently scheduled March 31, 2009, status conference hearing is vacated. A status conference hearing is now scheduled for 9:00 a.m. on April 21, 2009.

2. The time period from March 31, 2009, to April 21, 2009, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence. The Court finds that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which trial must commence.

DATED: 3/30/09

*Saundra B Armstrong*
HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE