UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GABRIEL MAGANA VALDEZ,<br><br>Defendant. | Case No: CR 08-00694 SBA<br><br>**ORDER DENYING MOTIONS FOR SENTENCE REDUCTION**<br><br>Dkt. 48, 49, 50 |

Pursuant to a written plea agreement governed by Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant Gabriel Magana Valdez ("Defendant") pled guilty to Possession with Intent to Distribute Methamphetamine, 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). By operation of U.S.S.G. § 2D1.1(c), the base offense level was 38. Plea Agreement ("P.A.") ¶ 7, Dkt. 29. With an adjusted offense level of 35 and a criminal history category of I, the resulting guideline range was 168 to 210 months. Defendant expressly agreed to a sentence of 204 months in prison. Id. ¶ 8. On March 30, 2010, the Court accepted Defendant's guilty plea and sentenced him consistent with the terms of his Plea Agreement. Minute Order, Dkt. 27; Judgment, Dkt. 31.

Defendant previously filed a pro se Motion to Reduce Sentence Pursuant to U.S.S.G. Amendment 782 and 18 U.S.C. § 3582(c)(2) ("Prior Reduction Motion"), wherein he sought a sentence reduction based on amendments to U.S.S.G. § 2D1.1, the Sentencing Guidelines provision regarding drug-related offenses. Dkt. 41. The Office of the Federal Public Defender filed a Notice of Non-Intervention. Dkt. 42. The United States Probation Office filed a Sentence Reduction Investigation Report, stating that Defendant was ineligible for a sentence reduction because his "new guideline range is not lower than his

original guideline range." Dkt. 44. The Court denied the Prior Reduction Motion, finding that Amendment 782 did not serve to reduce Defendant's sentencing range. Order, Dkt. 45.

Shortly thereafter, Defendant filed the instant Motion for Modification and/or Reduction of Terms of Sentence the [*sic*] Pursuant to 18 U.S.C. § 3582(c)(2) Based on Amendment 782 and Amendment 788 to the Sentencing Guidelines. Dkt. 48. A few months later, he filed the instant Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) and Appointment of Counsel and Financial Affidavit. Dkt. 49.[1] Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby DENIES Defendant's motions, for the reasons stated below.[2]

## I. <u>LEGAL STANDARD</u>

A court generally may not modify a judgment of conviction. <u>Dillon v. United States</u>, 560 U.S. 817, 824 (2010). Section 3582(c)(2) creates a *limited* exception to this rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." <u>Id.</u> According to the pertinent policy statement, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) if "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

## II. <u>DISCUSSION</u>

In the instant motions, Defendant again moves for a sentence reduction pursuant to section 3582(c)(2) and Amendment 782. In the first of two motions, he argues that he is entitled to a "two-point" reduction because Amendment 782 increased the quantity of

---

[1] Defendant also filed a subsequent, identical motion. Dkt. 50.

[2] Notably, as part of his plea agreement, Defendant agreed to waive his right "to file any collateral attack on [his] conviction or sentence, including a . . . motion under 18 U.S.C. § 3582 . . . ." P.A. ¶ 5. Because the United States has not sought to enforce the waiver with respect to the instant motions, the Court considers the motions on their merits.

1  methamphetamine that triggers a base offense level of 38. In the second motion, Defendant
2  requests appointed counsel. He also argues that, in connection with the sentence reduction,
3  he is entitled to a downward variance based on his status as a deportable non-citizen.

As the Court found when it denied the Prior Reduction Motion, Amendment 782 is of no benefit to Defendant. See Dkt. 45 at 2-3. Defendant possessed 60 kilograms of actual (pure) methamphetamine. Id. (citing P.A. ¶ 2). Although Amendment 782 increased the quantity of actual methamphetamine that triggers a base offense level of 38—from 1.5 kilograms to 4.5 kilograms—the quantity possessed by Defendant still *far exceeds* that threshold. Defendant's base offense level and resulting guideline range therefore remain the same, rendering him ineligible for a sentence reduction under section 3582(c)(2). See United States v. Mercado-Moreno, 869 F.3d 942, 953 (9th Cir. 2017) (holding that, if a defendant is responsible for 4.5 kilograms or more of actual methamphetamine, "he still receives the maximum base offense level and Amendment 782 does not alter his sentencing range—thus precluding him from a reduction under § 3582(c)(2)").

In his renewed motion for a sentence reduction, Defendant urges the Court to redetermine the quantity of drugs attributable to him. He argues that he should be held responsible for "the amount of drugs that was actually possessed," which he contends was "1.5 kilograms." Dkt. 48 at 3.[3] Defendant's argument is legally and factually incorrect. At the time of sentencing, the Court determined that Defendant possessed 60 kilograms of actual methamphetamine. In the Plea Agreement—as well as during the plea colloquy—Defendant admitted that he "knowingly and intentionally possessed with intent to distribute

---

[3] Defendant provides no support for the assertion that he possessed 1.5 kilograms of actual methamphetamine. Insofar as this assertion is based on a misreading of the Court's order denying the Prior Reduction Motion, see Dkt. 48 at 6 (claiming that the Court "established clearly the defendant should be held responsible for the amount of drugs that was actually possessed *i.e.* 1.5 kilograms"), it is unfounded. In its prior order, the Court clearly stated that "Defendant possessed *60 kilograms* of methamphetamine (actual)." Dkt. 45 at 2 (emphasis added). The Court then stated that "possession of 1.5 kilograms *or more* of methamphetamine (actual) corresponded to a base offense level of 38" at the time of sentencing. Id. (emphasis added). The Court did not find that Defendant actually possessed 1.5 kilograms, but rather, that an offense level of 38 applied to quantities of 1.5 kilograms *or more* (which includes 60 kilograms).

60 kilograms of actual (pure) methamphetamine." P.A. ¶ 2. Where, as here, "the record reflects that the sentencing court made a specific finding regarding the total quantity of drugs for which the defendant was responsible, or if the defendant admitted to a specific total quantity, then the district court *must use* that quantity and determine whether applying the retroactive amendment would lower the defendant's guideline range." Mercado-Moreno, 898 F.3d at 957 (emphasis added). As stated above, using the quantity of 60 kilograms of actual methamphetamine, Amendment 782 does not serve to lower Defendant's guideline range and he is ineligible for a sentence reduction.

Having found that Defendant is *ineligible* for a sentence reduction, the Court is without the discretion to consider whether a reduction "is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Dillon, 560 U.S. at 826. "Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." Id. at 827. The Court therefore has no authority to consider a downward variance based on Defendant's status as a "deportable non-citizen." Dkt. 49 at 2.

Additionally, a criminal defendant is not entitled to appointed counsel on a post-conviction motion under section 3582(c)(2). United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996). "Given that there is no dispute over the drug quantity that was used at sentencing," the Court finds the appointment of counsel unwarranted. See United States v. Bulacan, 667 F. App'x 670 n.1 (9th Cir. 2016) (rejecting the defendant's request for appointed counsel under similar circumstances).

### III. CONCLUSION

Accordingly, Defendant's motions are DENIED. This Order terminates Dockets 48, 49, and 50.

IT IS SO ORDERED.

Dated: 02/26/2020

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge